Ravpreet K. Bhangoo (CSB #290125)
**THE ADVOCATES' LAW FIRM, APC**
1430 Truxtun Avenue, Fifth Floor
Bakersfield, California 93301
Telephone: 661-616-1188
Facsimile: 661-261-4643


Attorneys for Plaintiff
MARIO VALENZUELA

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO VALENZUELA,<br><br>        Plaintiff,<br><br>        versus<br><br>WELLS FARGO BANK, NATIONAL ASSOCIAITON; WMHLI TRANSFER INTERIM LP; NORTHWEST TRUSTEE SERVICES, INC.; and DOES 1 through 100, inclusive,<br><br>        Defendants. | Case Number: **1:13-at-00725**<br><br>**PLAINTIFF'S EMERGENCY APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF RAVPREET K. BHANGOO**<br><br>Hearing Date: **n/a**<br>Time: **n/a**<br>Courtroom: **n/a**<br>Honorable Judge:<br><br>Complaint Filed: **October 8, 2013**<br><br>[Filed Concurrently with Table of Exhibits] |

## EMERGENCY APPLICATION FOR TRO

Plaintiff MARIO VALENZUELA (herein "Plaintiff"), by and through Plaintiff's attorney, moves this court for a temporary restraining order, pursuant to Federal Rules of Civil Procedure, Rule 65(b) for:

(1)     Restraining and enjoining Defendants WELLS FARGO BANK, NATIONAL ASSOCIAITON; NORTHWEST TRUSTEE SERVICES, INC.; and their agents, employees, successors, attorneys, and all persons in active concert and participation with them, from engaging in or performing any act to deprive Plaintiff of his residence in and possession of the real property located at **4708 Winners Circle, Bakersfield, California 93309** (hereinafter "Property"), including but not limited to instituting or maintaining a **trustee's sale on October 9, 2013, at 10:00 a.m. (PST)**, and any subsequent eviction enforcement proceedings on the property or from otherwise taking any steps whatsoever to deprive Plaintiff of Plaintiff's residence in and possession of the Property or to impair or degrade the value of the Property, pending a hearing on the Order to Show Cause re Preliminary Injunction requested herein.

Unless this application is granted, Plaintiff will suffer immediate and irreparable injury, loss, and damage if his home is sold at a trustee sale by Defendants WELLS FARGO BANK, NATIONAL ASSOCIAITON; NORTHWEST TRUSTEE SERVICES, INC.; and their agents, employees, successors, attorneys, and all persons in active concert and participation with them before a hearing can be had on the Order to Show Cause.

Plaintiff's claims are more fully set out in Plaintiff's Complaint before this Court, and in the declaration of Ravpreet K. Bhangoo.   In particular, Plaintiff asserts and alleges that the foreclosure of Plaintiff's home is being conducted by a stranger because none of the Defendants have the authority to foreclose and are not a parties with the ability to foreclose, as the Complaint sets forth and the declarations in support of this Temporary Restraining Order and Order to Show Cause Regarding a Preliminary Injunction demonstrates.

October 8, 2013

THE ADVOCATES' LAW FIRM, PC

RAVPREET K. BHANGOO
Attorney for Plaintiff
Mario Valenzuela

**Application for Temporary Restraining Order**

<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

Plaintiff Mario Valenzuela ("Plaintiff"), by and through his undersigned counsel, submits this points and authorities in support of his Application for Temporary Restraining Order ("TRO") and Preliminary Injunction, set forth in the Complaint in the instant action on file with this Court.

## I. INTRODUCTION

This action involves an attempt to foreclose and take away forever Plaintiff's home by a stranger that has no authority and is not recognized as a legal party in any capacity having such a right – it is an attempted act of thievery against Plaintiff.

Defendants WELLS FARGO BANK, NATIONAL ASSOCIAITON (herein "Wells Fargo") and NORTHWEST TRUSTEE SERVICES, INC. (herein "Northwest") **will foreclose upon Plaintiff's Property by selling it at a trustee's sale on October 9, 2013, at 10:00 a.m**. without legal right, and if Plaintiff's home is sold before the claims can be adjudicated by this Court, Plaintiff will be left with no adequate remedy at law.  Of course, there are many compelling issues raised in Plaintiff's complaint, and several other grounds on which the legal title in Plaintiffs home should be maintained by Plaintiff, but amongst the most egregious and compelling basis for the requested temporary restraining order ("TRO") and preliminary and permanent injunction is the fact that the foreclosure sale and process is being completed by a stranger because the assignment purportedly granted to Defendant Wells Fargo was void and impossible to have been made as the last known assignee and Defendant WMHLI TRANSFER INTERIM LP terminating its limited partnership at least 5 years prior to the purported assignment to Defendant Wells Fargo. **Immediate injunctive relief is imperative in this case because without an order from this Court,** WELLS FARGO BANK, NATIONAL ASSOCIAITON ("Wells Fargo") and NORTHWEST TRUSTEE SERVICES, INC. **will be permitted to complete its outright theft of Plaintiff's home.**  Plaintiff is not unaware that this allegation against WELLS FARGO BANK, NATIONAL ASSOCIAITON ("Wells Fargo") and NORTHWEST TRUSTEE SERVICES, INC. is harsh and startling, but there is simply no way to put it

delicately. The pertinent facts, as alleged in Plaintiff's Complaint on file with this court, are as follows:

**A. Factual Background**

      This case arises out of a loan and foreclosure related to the real property located at **4708 Winners Circle Bakersfield, California 93309** (the "Property") and further described as Assessor's Parcel Number 440-143-06-00-0, with the following description:

> LOT 22 OF TRACT 2792, IN THE CITY OF BAKERSFIELD, COUNTY OF KERN, STATE OF CALIFORNIA, AS PER MAP RECORDED JUNE 27, 1963 IN BOOK 13, PAGE 160, 161 AND 162 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

> EXCEPT ALL OIL, GAS, MINERALS AND OTHER HYDROCARBON SUBSTANCES WITHIN OR UNDERLYING SAID LAND AS RESERVED IN THE DEEDS OF RECORD.

      Plaintiff Mario Valenzuela is the rightful owner following Plaintiff's purchase on December 24, 1997.

      The Defendants are all involved in this wrongful action.  At all relevant times, Defendant Wells Fargo is a national banking association acting as the servicer of the loan. Defendant Northwest is the foreclosing trustee pursuing the foreclosure activity at Defendant Wells Fargo's instruction but also taking independent actions in furtherance of the foreclosure. Defendant Interim LP is name for quiet title purposes and was the last known assignee of the Note and Deed of Trust until the limited partnership was cancelled in 2002.

      As set forth below and further detailed in the Complaint, there was never a valid transfer, assignment, or other reconveyance to the Defendant Wells Fargo, and the purported assignment was made on behalf of Washington Mutual Bank but Washington Mutual Bank was not the mortgagee and beneficial owner at the time of the purported assignment in 2007, 5 years after Defendant Interim LP had acquired the Note and Deed of Trust against the Property and then Defendant LP cancelled its limited partnership without making an further assignment.  The assignment to Defendant Wells Fargo on January 26, 2007, as an attempt to 'sneak' the assignment in by making the assignment appear to be

**Application for Temporary Restraining Order**

valid.

In attempting to make this assignment, a false recital of the chain of title was notated on the assignment, and thereafter, various subsequent foreclosure-related documents were filed to further provide fraud upon fraud in this case.   The key documents include:

**Important Recorded & Filed Documents**

The documents listed below are submitted in support of this TRO; however, the full Table of Exhibits to the Complaint provides a number of additional documents that are on file in the Court docket.   Plaintiff, therefore, incorporates by reference the exhibited documents, and request judicial notice of these exhibited documents to the Complaint.

Note & 1st Deed of Trust

a.   On or about December 22, 1997, Plaintiff financed the Property with lender Accubanc Mortgage Corporation.   Plaintiff executed a Note in the amount of $94,299.00. A true and correct copy of the Note is attached as Exhibit "1."

b.   On or about December 24, 1997, the 1st Deed of Trust was recorded on the Property identifying Plaintiff as "Trustor," identifying Accubanc Mortgage Corporation as "Lender" and "Beneficiary," and identifying Accubank Mortgage Corporation as the "Trustee."   The Deed of Trust was recorded in the Official Records of the Kern County Recorder's Office and assigned document number 0197171252.   A true and correct copy of the 1st Deed of Trust is attached as Exhibit "2."

Assignment of Accubank Mortgage Corporation's Note & Deed of Trust to PNC Mortgage Corp. of America

c.   On March 1, 1999, a Corporation Assignment of Deed of Trust was signed, and recorded on July 8, 1999, against the Property assigning the Note and Deed of Trust to PNC Mortgage Corp. of America, an Ohio Corporation stating that "all beneficial interest … Together with the note … the money due .. and all rights accrued or to accrue …" were assigned and transferred.   The Corporation Assignment of Deed of Trust was recorded in the Official Records of the Kern County Recorder's Office and assigned document number 0199098013.   A

true and correct copy of the Corporation Assignment of Deed of Trust is attached as Exhibit "3."

PNC Mortgage Corp. of America's Name Change to Washington Mutual Home Loans, Inc.

d.     On February 1, 2001, PNC Mortgage Corp. of America filed a Certificate of Amendment by Shareholders to Articles of PNC Mortgage Corp. of America and changed its name to Washington Mutual Home Loans, Inc. with the Ohio Secretary of State, which was assigned document identification number 200103902120.  A true and correct copy of the Ohio Secretary of State Certificate of Amendment document(s) is/are attached as Exhibit "4."

Washington Mutual Home Loans, Inc. Merges Out of Existence

e.     On March 1, 2002, Washington Mutual Home Loans, Inc. filed a Certificate of Merger with the Ohio Secretary of State, which was assigned document identification number 200206000060.  The Certificate of Merger merges Washington Mutual Home Loans, Inc. with WMHLI Transfer Interim LP resulting in the non-existence of Washington Mutual Home Loans, Inc.  A true and correct copy of the Ohio Secretary of State Certificate of Merger document(s) is/are attached as Exhibit "5."

WMHLI Transfer Interim LP Cancels the Limited Partnership

f.     On March 1, 2002, WMHLI Transfer Interim LP filed a Certificate of Cancellation for a Limited Partnership with the Ohio Secretary of State, which was assigned document identification number 200206300128.  The reason stated in the Certificate of Cancellation for a Limited Partnership was "The Partnership ceasing to have a[t] least two Partners."  A true and correct copy of the Ohio Secretary of State Certificate of Cancellation document(s) is/are attached as Exhibit "6."

False Corporate Assignment by Washington Mutual Bank of the Property's Note & Deed of Trust to Wells Fargo Bank, NA

g.     On April 19, 2007, a Corporate Assignment of Deed of Trust was signed, and recorded on January 26, 2007, against the Property assigning the Note and Deed of Trust to Wells Fargo Bank, NA stating it "does convey, grant, sell, assign, transfer and set over the described Deed of Trust together with the certain note(s) described therein, without recourse,

representation or warranty, together with all right, title and interest secured thereby, all liens, and any rights due or to become due thereon …"  The Corporate Assignment of Deed of Trust was recorded in the Official Records of the Kern County Recorder's Office and assigned document number 0207020753.  The Corporate Assignment of Deed of Trust was on behalf of '*Washington Mutual Bank F/K/A Washington Mutual Bank, FA, Successor by Merger to Washington Mutual Home Loans Inc., F/K/A PNC Mortgage Corp. of America, F/K/A Sears Mortgage Corporation, F/K/A Allstate Enterprises Mortgage Corporation*' – this recital of the chain of title was not only false, it was impossible, and therefore, void, as Defendant Interim LP was the last known assignee of the beneficial rights to the Property's Note and Deed of Trust .  A true and correct copy of the Corporation Assignment of Deed of Trust is attached as Exhibit "7."

False Substitution of Trustee

h.    On June 27, 2012, a Substitution of Trustee was recorded on the Property whereby Accubanc Mortgage Corporation (or Successor Trustee) was substituted with Beneficiary" identified as "EMC Mortgage LLC by Wells Fargo Bank, N.A., as servicing agent" in the Official Records of the Kern County Recorder's Office and assigned document number 00212086637.  The plain language reading of the identified beneficiary indicates that EMC Mortgage LLC is a beneficiary and the Wells Fargo Bank, N.A. is the servicing agent.  Again, this recital of the present beneficiary was also not only false, it was impossible, and therefore, void, as Defendant Interim LP was the last known assignee and beneficiary who could have substituted the trustee under the terms of the Property's Note and Deed of Trust .   A true and correct copy of the Substitution of Trustee is attached as Exhibit "8."  Moreover, Defendant Wells Fargo sent Plaintiff a letter dated August 2, 2013, indicating that the Property would be transferred to EMC Mortgage, LLC and then to the Department of Housing and Urban Development in about 90 days.  EMC Mortgage, LLC has never been identified in any record and is not in the Grantor Grantee Index of the Official Records for the County of Kern with respect to the Property but yet in the Substitution of Trustee, it is listed as the beneficiary.  Again, it is false or it was impossible, and therefore, void, that another party other than

Defendant Interim LP was the last known assignee and beneficiary who could have substituted the trustee under the terms of the Property's Note and Deed of Trust. A true and correct copy of the August 2, 2013, letter by Defendant Wells Fargo Bank is attached as Exhibit "9."

False Notice of Default

i.        On March 26, 2012, a Notice of Default and Election to Sell Under Deed of Trust was recorded on the Property by "Northwest Trustee Services, Inc., As Agent For Beneficiary" and was recorded in the Official Records of the Kern County Recorder's Office and assigned document number 000212039796.   Defendant Northwest states the "sum of $94,299.00, that the beneficial interest under such Deed of trust and the obligation secured thereby are presently held by the undersigned" when, in fact, there is no undersigned beneficiary identified and Defendant Northwest is not the beneficiary.  It was false or it was impossible, and therefore, void, that another party other than Defendant Interim LP instructed Defendant Northwest to give Notice of Default and Election to Sell Under Deed of Trust to Plaintiff under the terms of the Property's Note and Deed of Trust.  A true and correct copy of the Notice of Default and Election to Sell Under Deed of Trust is attached as Exhibit "10."

False Notice of Sale

j.        On September 16, 2013, a Notice of Trustee's Sale was recorded on the Property by Defendant Northwest seeking an unpaid balance of $124,781.37 in the Official Records of the Kern County Recorder's Office and assigned document number 0213135463.  It was false or it was impossible, and therefore, void, that another party other than Defendant Interim LP instructed Defendant Northwest to give Notice of Trustee's Sale to Plaintiff under the terms of the Property's Note and Deed of Trust.  **The Property is scheduled for a trustee's sale on October 9, 2013, at 10:00 a.m.**  A true and correct copy of the Notice of Trustee's Sale is attached as Exhibit "11."

Additionally and presented in the alternative, Plaintiff was not aware of these fatal defects in the  assignment until January 2013 and prior to this time (including after January 2013) attempted to seek loss mitigation assistance to no avail.  Those efforts are identified as follows:

Failed Loss Mitigation Efforts

k.     Plaintiff has reached out to Defendant Wells Fargo from as far back as late 2011 desiring to secure assistance with Plaintiff's loan.  Plaintiff provided all necessary information to Defendant Wells Fargo and Defendant Wells Fargo would orally represent that Plaintiff did not qualify for any loss mitigation options.  Defendant Wells Fargo never provided a written basis for any such denials so Plaintiff could independently have the loss mitigation denials reviewed.  Plaintiff's efforts intensified during this period and Plaintiff reached out to Defendant Wells Fargo 2 to 4 times per month, and Defendant Wells Fargo representative also called Plaintiff but Defendant Wells Fargo representatives never had authority to do anything more than to verify information on the loan file.

l.     After Defendant Wells Fargo's failure to cooperate and provide loss mitigation assistance, Plaintiff began to investigate Defendant Wells Fargo's true role with respect to the Property Note and Deed of Trust.  Plaintiff was advised by Defendant Wells Fargo that Defendant Wells Fargo was a servicer on the loan and not the mortgagee.  In fact, on August 23, 2012, Defendant Wells Fargo wrote Plaintiff and stated that "Your pending mortgage assistance required approval from the investor that ultimately owns your mortgage, and the investor has declined the request."  However, no reason was given as the basis for the denial.  A true and correct copy of the August 31, 2012, Defendant Wells Fargo's letter is attached as Exhibit "12."

m.     In early October 2012, Plaintiff was provided information by the United States Department of Housing and Urban Development advising Plaintiff this Federal Housing Administration loan on the Property provided for various loss mitigation options, including a Partial Claim. A Partial Claim is where a past due balance is rolled up into a junior lien to allow the senior lien to become current.  The Partial Claim lien is not paid until the senior lien is paid or the Property is sold.  Plaintiff presented this resolution to various representatives of Defendant Wells Fargo to no avail.  On October 12, 2013, Plaintiff wrote April Whitfield explaining a question regarding Plaintiff's hardship, and sought a Partial Claim.  Plaintiff provided a copy of the November 20, 2003, Mortgagee

**Application for Temporary Restraining Order**

Letter 2003-19, issued by the United States Department of Housing and Urban Development that applied to the loan on Plaintiff's Property.  Defendant Northwest was also provided a copy of this letter.  The purpose of providing the Mortgagee Letter 2003-19 was to provide Defendant Wells Fargo the authority to process a Partial Claim and to demonstrate eligibility for the Partial Claim.  Additionally, Plaintiff reminded Defendant Wells Fargo that it was required to comply with loss mitigation requirements.  A true and correct copy of the October 12, 2012, letter from Plaintiff to April Whitfield on behalf of Defendant Wells Fargo is attached as Exhibit "13."

n.      Plaintiff made a number of attempts to contact April Whitfield, the Home Preservation Specialist, who endorsed the letters for Defendant Wells Fargo to Plaintiff, despite the fact that Plaintiff never actually spoke to April Whitfield until January 8, 2013.  Virtually every time there was a communication with Defendant Wells Fargo, a letter followed from April Whitfield starting off by stating "Thank you for taking the time to speak to me today," although again, Plaintiff had never spoken to April Whitfield at that time.  When Plaintiff asked a Defendant Wells Fargo representative why April Whitfield was sending letters indicating she spoke to him when she had not, the response was, the 'system' or 'computer' automatically sends them.  A true and correct copy of the October 16, 2012, letter from April Whitfield on behalf of Defendant Wells Fargo is attached as a sample and as Exhibit "14."

o.      On or about October 27, 2012, Plaintiff received an October 24, 2012, letter from Defendant Wells Fargo and signed by a 'Yuvicza Rodriguez, Written Customer Contact,' stating that "representatives in our Home Preservation Department have specialized training and authority to change or establish new repayment arrangements including a Partial Claim … Due to the time sensitive nature of these arrangements, WFHM requires that all changes or reconsiderations be discussed over the telephone with a Home Preservation specialist."  Plaintiff immediately called Defendant Wells Fargo to speak to April Whitfield as other representatives stated they could not help except to verify account information.  A true and correct copy of the October 24, 2012, letter from Yuvicza Rodriguez on behalf of Defendant Wells Fargo is attached as Exhibit "15."

p.        Plaintiff further investigated the true identity of the mortgagee and/or beneficiary and found no evidence that any of the Defendants were the mortgagees.  Plaintiff is confused as to where his payments were posted, and has requested an accounting to no avail.  Plaintiff does know that Defendant Interim LP was the last mortgagee until Defendant Interim LP cancelled its limited partnership in Ohio.  As a result of Plaintiff's investigation and because Defendant Wells Fargo did not want to provide the required loss mitigation options, Plaintiff called April Whitfield and for the first time, Plaintiff actually reached April Whitfield on January 8, 2013.  April Whitfield completely ignored the Partial Claim request.  The telephone conversation with April Whitfield was worthless as she offered no assistance.  Upon termination of the telephone conversation, Plaintiff wrote April Whitfield outlining Plaintiff's Partial Claim request, and addressing topics discussed.  Plaintiff pointed out and sought questions about Defendant Wells Fargo's authority in light of the cancellation of Defendant Interim LP to no avail.  A true and correct copy of the January 8, 2013, letter to April Whitfield on behalf of Defendant Wells Fargo is attached as Exhibit "16."

q.        After February 2013, calls from Defendant Wells Fargo tapered off and April Whitfield has never called back.  At no point did anyone at Defendant Wells Fargo indicate that that April Whitfield was Plaintiff's single point of contact.

**Wrongful Acts of Irreparable Harm**

First, the cancellation of Defendant Interim LP as a limited partnership did not dispose of the assets of Defendant Interim LP.  Under Ohio law, the January 28, 2007, assignment (Exhibit "7") to Defendant Wells Fargo was impossible when Defendant Interim LP had already cancelled its partnership (Exhibit "6") on March 1, 2002.  There is no assignment from Defendant Interim LP to any entity or party, and had there been an assignment, the assignment of a partnership interest transfers only the interest in the partnership and the right to receive distributions as a partner; it does not transfer the underlying partnership assets themselves.  Therefore, any subsequent assignment must address the true chain of title from Defendant Interim LP, and there is no record whatsoever that any assets of Defendant Interim LP transferred, particularly the Note and Deed of Trust

**Application for Temporary Restraining Order**

against the Property.

California Statute of Frauds requires "an estate in real property … can be transferred … by an instrument in writing, subscribed by the party disposing of the same, or by his agent thereunto authorized by writing." *Estate of Stephens,* (2002) 28 Cal. 4th 665, 679; See California Civil Code § 1091, 1624.  Here, there is no writing record that the Property transferred from the last know mortgagee, Defendant Interim LP to any party.   Further, California Civil Code § 2309 further provides "authority to enter into a contract required by law to be in writing can only be given by an instrument in writing."  *See* also *McNear v. Petroleum Exp. Corp*., 208 Cal. 162, 166 (1929) (an agent's own signature did not satisfy the statute of frauds, as the agent did not purport to sign as agent of the principal, rather signed in the agent's own name).   There is also no written evidence whatsoever that Washington Mutual Bank was an agent of Defendant Interim LP.

None of the Defendants can establish an independent ownership interest in the Note and Deed of Trust against the Property.   In fact, Exhibits 5, 6, 7, and 8 provide that no Defendant has any ownership interest.   There is nothing recorded to or from Defendant Wells Fargo that is not void.   "In the case of a deed of trust or mortgage with a power of sale, an assignee can only enforce the power of sale if the assignment is recorded, because the assignee's authority to conduct the sale must appear in the public records."   Harry D. Miller & Marvin B. Starr, California Real Estate, § 10:39 (3d ed. 2010).

Second, Defendants have ignored to follow California's Homeowner Bill of Rights, California Civil Code § 2924(a)(6), which states:

> No entity shall record or cause a notice of default to be or otherwise initiate the foreclosure process unless it is the holder of the beneficial interest under the mortgage or deed of trust, the original trustee or the substituted trustee under the deed of trust, or the designated agent of the holder of the beneficial interest.  No agent of the holder of the beneficial interest under the mortgage or deed of trust, original trustee or substituted trustee under the deed of trust may record a notice of default or otherwise commence the foreclosure process except when acting within the scope of authority designated by the holder of the beneficial interest.

**Application for Temporary Restraining Order**

After the assignment to Defendant PNC Mortgage Corp. of America (Exhibit "3"), the name change to Washington Mutual Home Loans, Inc. (Exhibit "4"), the merger of Washington Mutual Home Loans, Inc. into Defendant Interim LP (Exhibit "5"), and the cancellation of Defendant Interim LP (Exhibit "6"), there remains no known holder of the beneficial interest.  The purported January 28, 2007, assignment (Exhibit "7") from *Washington Mutual Bank F/K/A Washington Mutual Bank, FA, Successor by Merger to Washington Mutual Home Loans Inc., F/K/A PNC Mortgage Corp. of America, F/K/A Sears Mortgage Corporation, F/K/A Allstate Enterprises Mortgage Corporation* to Defendant Wells Fargo is false and void.  Washington Mutual Bank never owned the Property, the Note or the Deed of Trust, and there is no record of any assignment to Washington Mutual Bank entitling Washington Mutual Bank's subsequent assignment to Defendant Wells Fargo. Thus, Defendant Wells Fargo is not the holder of the beneficial interest, nor an agent thereof, and "**may record a notice of default or otherwise commence the foreclosure process**". (Emphasis added.)

Third, California Commercial Code § 3301 specifically identifies the persons who are entitled to enforce a security interest, such as instituting a foreclosure sale under a Deed of Trust.  The statute is exclusive rather than inclusive in nature, and those who are not identified do not have the right to enforce such an interest.  No Defendant is identified "as the holder of the instrument, (b) a nonholder in possession of the instrument who has the rights of a holder, or (c) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to Section 3309 or subdivision (d) of Section 3418."  Thus, none of the Defendants have standing to foreclose, or authorized to instruct another agent to foreclose, and is not otherwise entitled to payment.  Moreover, no Defendant is a "person[s] entitled to enforce" the security interest on the Property, as that term is defined in California Commercial Code § 3301.

Fourth, California's Homeowner Bill of Rights, California Civil Code §§ 2923.55(b)(1)(B)(i); 2923.6(e)(1)-(2); & 2923.6(f) provides homeowners legal relief with lenders and servicers fail to engage in loss mitigation efforts including the failure to comply with certain notices, fail to provide homeowners notice that they may request

**Application for Temporary Restraining Order**

documents to identify the mortgagee and beneficial owner, fail to provide a basis for the decision(s) on loss mitigation efforts, failed to provide notice of certain administrative appeal rights, and more, as fully set forth in the Complaint.  Defendant Wells Fargo violated these basic requirements of the California Homeowner Bill of Rights despite Plaintiff's efforts to seek assistance, and are demonstrated in Exhibits 12, 12, 14, 15, and 16.

Plaintiff has set out additional reasons in the Complaint authorizes this Court to issue the Temporary Restraining Order and the Order to Show Cause Regarding a Preliminary Injunction; however, because of the emergency and time constraining nature of the relief sought, Plaintiff must incorporate by reference the Complaint on file with the Court.

California, of course, is a non-judicial foreclosure state.  Accordingly, unless a homeowner takes affirmative steps to sue the foreclosing party, the first time he or she will meet the foreclosing party in Court is at an unlawful detainer hearing.  Lenders and servicers get the benefit of expedient nonjudicial foreclosures in California at the cost of Due Process to borrowers because there is no Court oversight until a Plaintiff can bring a file a Complaint.  Because of this, there is a heighten level of scrutiny and lenders and services must dot the I's and cross the T's – there is no opportunity for mistake.  In this case, the violations cannot even be categorized as a mistake, they are intentional, blatant violations of Plaintiff's rights and they will cause Plaintiff irreparable harm because Plaintiff will lose his home.  It is these reasons why it is imperative that a Temporary Restraining Order and the Order to Show Cause Regarding a Preliminary Injunction issue.

**II. ARGUMENT**

The purpose of a TRO is to preserve the status quo pending a full hearing on a preliminary injunction.  *Bronco Wine Co. v. U.S. Dept. of Treasury*, 997 F.Supp. 1309, 1313 (E.D.Cal. 1996).  A party seeking a TRO must satisfy the same test that is required for the issuance of a preliminary injunction.  *Id.*  A party seeking preliminary injunctive relief under Federal Rule of Civil Procedure 65 must show (1) a likelihood of success on

**Application for Temporary Restraining Order**

the merits, (2) a significant threat of irreparable harm, (3) that the balance of hardships favor the applicant, and (4) whether any public interest favors granting an injunction. *Raich v. Ashcroft*, 352 F.3d 122, 1227 (9th Cir. 2003)(*citing Dollar Rent-a-Car of Wash., Inc. v. Travelers Indem. Co.*, 774 F.2d 1371, 1374 (9th Cir. 1985)) *vacated and remanded on other grounds* by *Gonzalez v. Raich*, 545 U.S. 1 (2005).  The California Homeowners Bill of Rights states "If a trustee's deed upon sale has not been recorded, a borrower may bring an action for injunctive relief …"  *See* California Civil Code §§ 2924.12 & 2924.19.

### A.      Plaintiff if Likely to Prevail on the Merits of the Case at Trial

Plaintiff's Complaint seeks multiple claims for relief, including claims for wrongful foreclosure, violations of the California Homeowners Bill of Right, and more on October 9, 2013, at 10:00 a.m. unless stopped by this Court.  One basis for this relief is Plaintiff's contention that Defendants are not the "person entitled to enforce" the security interest on the Deed of Trust, and therefore any foreclosure sale will be void as a matter of law. Plaintiff's claims are hardly farfetched or outlandish.  In fact, every day we hear in the news how banks nationwide are engaging in foreclosure proceedings without establishing— *and without being able to establish when challenged*—its right to enforce any security interest on the subject property.

In this case, Plaintiff has demonstrated through credible documentation that it was impossible for the assignment to Defendant Wells Fargo to be made because Washington Mutual Bank was not the mortgagee or beneficial interest holder at anytime.  There are allegations in the Complaint of non-compliance with statutory notices and procedures related to California non-judicial foreclosure laws, and the California Homeowner Bill of Rights, which prohibit any foreclosure unless you are mortgagee, trustee, beneficiary, or authorized agent.  Additionally, none of the Defendants complied with various efforts by Plaintiff to engage in loss mitigation efforts.

**B.     Plaintiff Will Suffer Irreparable Harm if Injunctive Relief is Not Granted**

Plaintiff is in imminent danger of losing his house in a foreclosure sale, on October 8, 2013, at 10:00 a.m., and then Defendants will be free to transfer the Property to a third party.  Plaintiff's home is unique, and if it is sold to a third party bona fide purchaser, he will not be able to purchase the same home anywhere else.  In addition, if Plaintiff is subsequently evicted, he would be subject to the irreparable harm of public humiliation and loss of reputation in the community in which he lives and works.

The imminent prospect of being evicted from and permanently losing his home presents a threat of irreparable harm.  See, *Avil v. Stears Lending, Inc.*, 2008 WL 1378231 at *3 (C.D. Cal. April 7, 2008); *Wrobel v. S.L. Pope & Assoc.*, 2007 WL 2345036 at *1 (S.D. Cal. June 15, 2007); *Nichols v. Deutsche Bank Nat. Trust Co.*, 2007 WL 4181111, at *3 (S.D. Cal. Nov. 21, 2007).

**C.     The Balance of Hardships Favors Plaintiff**

The irreparable harm Plaintiff will suffer if his home is sold at a foreclosure sale outweighs any potential harm to Defendants.  If injunctive relief is denied, and Plaintiff could have ultimately succeeded on the merits of his claim, Plaintiff will have suffered irreparable harm.  On the other hand, if Plaintiff does not succeed on his claim, Defendants will be free to take possession of the Property and sell it.  The only potential harm to Defendants might be financial.  There are a number of cases that support a temporary restraining order because the balance favors Plaintiff.  *See*, e.g., *Massett v. Bank of Am., N.A.,* 2013 WL 4833471, at *2-3 (C.D. Cal. Sept. 10, 2013) (TRO); *Ware v. Bayview Loan Servicing, LLC*, 2013 WL 4446804, at *5 (S.D. Cal. Aug. 16, 2013) (granting a PI based on servicer's failure to formally deny borrower's 2011 modification application and proceeding with a foreclosure in 2013); *Dierssen v. Specialized Loan Servicing LLC,* 2013 WL 2647045, at *2 (E.D. Cal. June 12, 2013); *Lapper v. Suntrust Mortg., N.A.*, 2013 WL 2929377, at *3 (C.D. Cal. June 7, 2013); *Singh v. Bank of Am.*, 2013 WL 1858436 (E.D. Cal. May 1, 2013) (PI); *Bitker v. Suntrust Mortgage Inc.*, 2013 WL 2450587, at *2 (S.D.

**Application for Temporary Restraining Order**

Cal. Mar. 29, 2013) (TRO); *Heflebower v. J.P. Morgan Chase Bank, N.A.*, 2012 WL 5879589, at *3 (E.D. Cal. Nov. 20, 2012) (enjoining sale because of noncompliance with former CC § 2923.5); *Miller v. Wells Fargo Bank*, 2012 WL 1945498, at *3 (N.D. Cal. May 30, 2012) (enjoining sale because MERS may not have had authority to assign deed of trust); *Jackmon v. Am.'s Servicing Co.*, 2011 WL 3667478, at *3 (N.D. Cal. Aug. 22, 2011) (enjoining sale because the borrower fully complied with her Trial Period Plan).

Thus, if the Court grants the requested injunctive relief, and Plaintiff does not prevail at trial, Defendants will have suffered minimal harm, if any in light of Defendants ability to secure government money for toxic assets from the Treasury, and certainly no irreparable harm at all.  On the other hand, without the requested injunctive relief, Plaintiff is in imminent danger of suffering irreparable harm within 24 hours, and if this happens, he will be left with no adequate legal remedy for such harm.

### D.     Public Interest Favors Granting Injunction

The public interest will certainly be served by the issuance of injunctive relief in this case.  To sell Plaintiff's home at this time does no one any good, and actually harms the public as a whole.

First, to allow Defendants to profit by the sale of Plaintiff's home without first determining Defendants' entitlement to enforce the security interest on the Deed of Trust undermines public interest in preventing foreclosure by persons lacking legal right.  The public also has an interest in lenders and their agents complying with statutory requirements governing property sales and foreclosure proceedings.  This interest would likewise be thwarted by rewarding Defendants for its failure to comply with such statutory requirements, as alleged herein and in Plaintiff's Complaint.  Moreover, Defendant is unlikely to be able to sell the Property at a reasonable price in the near future.  As such, the Property will sit vacant and neglected, causing a potential nuisance and driving down local property values.  Obviously it is in the public interest to prevent such a result.

### E.     No Security Should be Required from Plaintiff

Rule 65(c) requires that in order for a restraining order or preliminary injunction to issue, a security must be given by the applicant, in such sum as the court deems proper. FRCP 65(c).   Tender is not required if it would be inequitable.   *Humboldt Sav. Bank v. McCleverty,* 161 Cal. 285, 291 (1911); *Lona v. CitiBank, N.A.*, 202 Cal. App. 4th 89, 113 (2011) (outlining all the reasons for not requiring tender, including that it would not be fair to the borrower in certain circumstances).

Courts have excused the tender requirement when (1) the sale is void.   *Glaski v. Bank of Am., N.A.*, 218 Cal. App. 4th 1079, 1100 (2013); *Dimock v. Emerald Props.,* 81 Cal. App. 4th 868, 877-78 (2000).

Another important exception to the tender rule is the finding that tender inapplicable in cases seeking to enjoin a pending foreclosure sale (as opposed to actions seeking to set aside a completed sale).   *Wickman v. Aurora Loan Servs., LLC*, 2013 WL 4517247, at *3 (S.D. Cal. Aug. 23, 2013); *Patel v. U.S. Bank,* 2013 WL 3770836, at *6 (N.D. Cal. July 16, 2013) (rejecting tender where borrower's robo-signing allegations would, if true, invalidate assignments and render a potential sale void); *Barrionuevo v. Chase Bank*, 85 F. Supp. 2d 964, 969 (N.D. Cal. 2012) (deciding not to require tender where plaintiffs alleged that defective notice would make the scheduled sale void); *Tang v. Bank of Am., N.A.*, 2012 WL 960373, at *4 (C.D. Cal. Mar. 19, 2012) (explaining why requiring pre-sale tender is less common than requiring post-sale tender: because post-sale actions are more demanding on courts); *Intengan v. Bank of Am.*, 214 Cal. App. 4th 1047, 1053-54 (2013); *Pfeifer v. Countrywide Home Loans,* 211 Cal. App. 4th 1250, 1281 (2012); *Tha v. Suntrust Mortg., Inc.,* No. KC066003 (Cal. Super. Ct. July 22, 2013) (tender not required pre-foreclosure where CC § 2923.6 claim would negate the necessity for a sale).

At present, Plaintiff is currently maintaining the Property and if order by this Court, would pay into the Court, the monthly payment of his last mortgage statement, which is approximately $830.00, through the course of this action.   In addition, Plaintiff has a high likelihood of success on the merits, which tips strongly in favor of minimal or no bond at

all.   *Van de Kamp v. Tahoe Regional Planning Agency*, 766 F.2d 1319, 1326 (9th Cir. 1985).

Plaintiff request that the Court find that the interest in the Property, combined with Plaintiff's maintenance of the Property and offered payments to the Court, constitute sufficient security to meet the requirements of FRCP 65(c), and that no additional security shall be required from Plaintiff.

*[Continued on Next Page.]*

**Application for Temporary Restraining Order**

III.    **CONCLUSION**

Plaintiff respectfully submits that he has shown that a TRO, and then a preliminary injunction, should issue because while comparatively great and irreparable harm will certainly come from denying the requested relief, only minimal injury—and speculatively at best—will inure to Defendants if the request is granted.  Further, Plaintiff respectfully submits that on its face, Plaintiff's case has sufficient merit to warrant a finding that the status quo should be preserved until the controversy can be fully adjudicated.

Plaintiff requests that the Court grant the TRO and then a preliminary injunction to effect the following:

(1)     Restraining and enjoining Defendants WELLS FARGO BANK, NATIONAL ASSOCIAITON; and NORTHWEST TRUSTEE SERVICES, INC., their agents, employees, successors, attorneys, and all persons in active concert and participation with them, from engaging in or performing any act to deprive Plaintiff of his residence in and possession of the real property located at **4708 Winners Circle, Bakersfield, California 93309** (hereinafter "Property"), including but not limited to instituting or maintaining a **trustee's sale on October 9, 2013, at 10:00 a.m.**, any subsequent eviction enforcement proceedings on the property or from otherwise taking any steps whatsoever to deprive Plaintiff of his residence in and possession of the property or to impair or degrade the value of the property, pending a hearing on the Order to Show Cause re Preliminary Injunction requested herein.

October 8, 2013                                              THE ADVOCATES' LAW FIRM, PC

                                                            RAVPREET K. BHANGGO
                                                            Attorney for Plaintiff
                                                            Mario Valenzuela

**Application for Temporary Restraining Order**

**DECLARATION OF RAVPREET K. BHANGOO**

I, Ravpreet K. Bhangoo, declare as follows:

1.   I am an attorney licensed to practice law in the State of California and a partner with The Advocates' Law Firm, PC, and counsel to the Plaintiff MARIO VALENZUELA.  I make this declaration based upon my own personal knowledge, and if called upon as a witness, could and would testify to the truth of the matters asserted herein.

2.   On October 8, 2013, I filed a complaint in District Court for the Eastern District of California for wrongful foreclosure, violations of the California Homeowner Bill of Rights, quiet title, and other predatory lending and statutory counts, as stated in this emergency application for a temporary restraining order (the "TRO").

3.   This case arises out of a loan and foreclosure related to the real property located at **4708 Winners Circle, Bakersfield, California 93309,** (the "Property"), which legal description is set forth in the TRO and Complaint.

4.   Based on my review of the Exhibits submitted for the TRO and Complaint, Plaintiff purchased the Property on December 24, 1997.

5.   The Note and Deed of Trust were assigned on July 8, 1999 (TRO Exhibit "3") to PNC Mortgage Corp. of America, which eventually merged into Defendant Interim LP (TRO Exhibits "4" and "5"), and then Defendant Interim LP cancelled its partnership without making any further transfers or assignment (Exhibit "6").

6.   After review all available records with the Secretary of State for Ohio, where Defendant Interim LP was formed, and which makes all filings available online at no cost, I could not find that there was any assignment of the assets of Defendant Interim LP, including the Property.

7.   After review all available records at the Kern County Recorder's Office related to the Property, I could not find that there was any assignment of the assets of Defendant Interim LP, including the Property to Washington Mutual Bank that would have allowed Washington Mutual Bank to make any assignment to Defendant Wells Fargo (Exhibit "7").

**Application for Temporary Restraining Order**

8.   A Notice of Default on the Property was recorded on March 26, 2012.  (TRO Exhibit "10".)

9.   A Notice of Trustee's Sale was recorded on September 16, 2013.  (TRO Exhibit "11".)

10. As an attorney, I cannot ascertain whether any of the Defendants own the Note and Deed of Trust against the Property, or have authority to take action pursuant to any of those documents in foreclosing on Plaintiff's property.   To the contrary, I can only ascertain that Defendants have no beneficial interest in the Note and Deed of Trust against the Property.

11. I have reviewed the posting for the sale of this property at www.usa-foreclosure.com/ and the property is set for sale tomorrow, October 8, 2013, at 10:00 a.m.

12. I provided Defendant Wells Fargo's general counsel with a working copy of the Complaint and Table of Exhibits and sought postponement of the sale to no avail.  I also provided the same and requested the same from Defendant Northwest. A copy of the email is attached to this Declaration.  The email was no returned undelivered.

13. An emergency exists before this Court that only a temporary restraining order will cure until there is a scheduled hearing on the permanent injunction.

I declare under penalty of perjury under 28 U.S.C. § 1746 that the foregoing is true and correct.  Executed this October 8, 2013, at Bakersfield, California.


RAVPREET K. BHANGOO
Declarant and Attorney for Plaintiff
Mario Valenzuela

**Application for Temporary Restraining Order**



Ravpreet "Ruby" Bhangoo <ravpreet@theadvocateslaw.com>

# Notice of Intent to File Lawsuit / Request for Postponement of Trustee's Sale / Trustee Sale Number 7023.99869 / Loan number 5935684109

1 message

**Ravpreet "Ruby" Bhangoo** <ravpreet@theadvocateslaw.com>                                      Tue, Oct 8, 2013 at 8:35 AM
To: james.strother@wellsfargo.com
Cc: info@northwesttrustee.com
Bcc: themariovman@gmail.com

Mr. Strother,

Hello, I was provided your email as a contact in hopes that you forward this email for resolution to your Law Department.

I am going to file the attached working draft of the complaint - a working draft is attached - in District Court for the Eastern District of California today by 10:30 a.m. (PST), and seek an emergency temporary restraining order to stop a foreclosure sale scheduled for October 9, 2013, at 10:00 a.m.. A Lis Pendens will also be filed against the property. The foreclosure sale was assigned to Northwest Trustee Services, Inc. and the Trustee Sale Number is 7023.99869, the loan number is 5935684109, and the property is located at 4708 Winners Circle, Bakersfield, CA 93309.

Generally I send a copy of the complaint to legal counsel inviting a discussion before the complaint is filed. I am sending a copy via email to request that the trustee sale be postponed and to request that legal counsel be assigned in an effort to resolve this matter prior to a lawsuit being filed. Unfortunately in this case, I have very little time and I will file the complaint unless I get written confirmation that the trustee sale has been postponed with an indication that legal counsel will follow up within a week.

A copy of the working draft of the complaint is being sent to Northwest Trustee Services, Inc. as well.

I thank you in advance for your prompt attention and response. I can be reached at my email, ravpreet@theadvocateslaw.com or directly to my desk at 661-616-1188, you can fax to 661-261-4643. I will also monitor the USA-Foreclosure.com website to confirm any postponement of the trustee sale.

Ravpreet K. Bhangoo

Ravpreet "Ruby" Kaur Bhangoo
Attorney at Law
THE ADVOCATES' LAW FIRM
1430 Truxtun Avenue, Fifth Floor
Bakersfield, California 93301
Local: 661-377-2154
Facsimile: 888-222-5864
This email, including any attachments, is intended solely for the use of the email recipient(s) to which the email was addressed. It contains data that may be protected by the attorney-client privilege, data that is work-product, or otherwise privileged. Any distribution or use of the contents of this message is strictly prohibited. Furthermore, this email is subject to the Electronic Communications Privacy Act, 18 United States Code, Part 1, Chapter 119, Sections 2510-2521 and is legally privileged.
Please contact ravpreet@theadvocateslaw.com if you have received this email in error and destroy, delete, and otherwise remove all copies of the original email.



Case 1:13-cv-01620-LJO-JLT    Document 2    Filed 10/08/13    Page 24 of 25

2 attachments



**10-7-13 TALF VALENZUELA v Wells Fargo Complaint Draft.pdf**
557K

**10-7-13 LOFA VALENZUELA v Wells Fargo Table of Exhibits to Complaint Packet Draft.pdf**
6940K

### DECLARATION OF MARIO VALENZUELA

I, Mario Valenzuela, declare as follows:

1.      I am the Plaintiff in this case and over the eighteen years of age.  I make this declaration based upon my own personal knowledge, and if called upon as a witness, could and would testify to the truth of the matters asserted herein.

2.      I retained attorney Ravpreet K. Bhangoo on October 7, 2013, to help me prevent the illegal foreclosure of my home at 4708 Winners Circle, Bakersfield, CA 93309.

3.      If I lose my home, I will be harmed and will have no place for my family to go.

4.      I have tried numerous times to seek loss mitigation help with Wells Fargo Bank, including a Partial Claim, but Wells Fargo Bank will not provide this FHA mandated loss mitigation option to me.

 I declare under penalty of perjury under 28 U.S.C. § 1746 that the foregoing is true and correct.  Executed this October 8, 2013, at Bakersfield, California.


_____
Mario Valenzuela, Declarant

**Application for Temporary Restraining Order**