UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO VALENZUELA, | CASE NO. CV F 13-1620 LJO GSA |
| Plaintiff, | **ORDER TO DENY INJUNCTIVE RELIEF**<br>(Doc. 2.) |
| vs. | |
| WELLS FARGO BANK,<br>NATIONAL ASSOCIATION,<br>et al., | |
| Defendants. | |
| _____/ | |

## **PRELIMINARY STATEMENT TO PARTIES AND COUNSEL**

Judges in the Eastern District of California carry the heaviest caseload in the nation, and this Court is unable to devote inordinate time and resources to individual cases and matters. This Court cannot address all arguments, evidence and matters raised by parties and addresses only the arguments, evidence and matters necessary to reach the decision in this order given the shortage of district judges and staff. The parties and counsel are encouraged to contact the offices of United States Senators Diane Feinstein and Barbara Boxer to address this Court's inability to accommodate the parties and this action. The parties are required to reconsider consent to a Magistrate Judge to conduct all further proceedings in that the Magistrate Judges' availability is far more realistic and accommodating to parties than that of U.S. District Judge Lawrence J. O'Neill who must prioritize criminal and older civil cases.

Civil trials set before Judge O'Neill trail until he becomes available and are subject to

suspension mid-trial to accommodate criminal matters. Civil trials are no longer reset to a later date if Judge O'Neill is unavailable on the original date set for trial. Moreover, this Court's Fresno Division randomly and without advance notice reassigns civil actions to U.S. District Judges throughout the nation to serve as visiting judges. In the absence of Magistrate Judge consent, this action is subject to reassignment to a U.S. District Judge from outside the Eastern District of California.

## INTRODUCTION

On October 8, 2013, plaintiff Mario Valenzuela ("plaintiff") filed this action to allege claims arising from plaintiff's loan default and steps to foreclose on his Bakersfield property ("property"). On October 8, 2013, plaintiff also filed papers to seek to enjoin a foreclosure sale of property set for October 9, 2013 at 10 a.m. The papers were filed effectively four court hours prior to the foreclosure sale. This Court has reviewed plaintiffs' papers which fail to support a temporary restraining order ("TRO") to enjoin the foreclosure sale. This Court DENIES plaintiff requested injunctive relief for the reasons discussed below. Denial of the TRO is based on plaintiff's failure to establish his burden for a TRO, not on the timing of filing his papers.

## Injunctive Relief

Plaintiff fails to meet his burden for injunctive relief.

F.R.Civ.P. 65(b)(1)(A) permits a TRO "only if" "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." As such, the Court may only grant such relief "upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat'l Res. Def. Council, Inc.*, 129 S.Ct. 365, 375 (2008). To prevail, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood that the moving party will suffer irreparable harm absent preliminary injunctive relief; (3) that the balance of equities tips in the moving party's favor; and (4) that preliminary injunctive relief is in the public interest. *Winter*, 129 U.S. at 374. In considering the four factors, the Court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter*, 129 S.Ct. at 376 (quoting *Amoco Co. v. Vill. of Gambell, Alaska*, 480 U.S. 531 542 (1987)); *Indep. Living Ctr. of S. Cal., Inc. v. Maxwell-Jolly*, 572 F.3d 644, 651 (9th Cir. 2009). Preliminary injunctive relief "is an

2

extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972, 117 S.Ct. 1865 (1997) (citation omitted).

### Likelihood Of Success On Merits

Pursuant to *Winter*, plaintiff must make a "clear showing" that he is "likely to succeed on the merits." *Winter*, 129 S.Ct. at 375-376; *Stormans*, 571 F.3d at 978.  Plaintiff's failure to tender, and apparent inability to tender, the amount owing on his property loan dooms his claims and in turn his injunctive relief request.  Plaintiffs' points as to the tender requirement are unavailing.

#### *Failure To Tender Indebtedness*

"A tender is an offer of performance made with the intent to extinguish the obligation." *Arnolds Management Corp. v. Eischen*, 158 Cal.App.3d 575, 580, 205 Cal.Rptr. 15 (1984) (citing Cal. Civ. Code, § 1485; *Still v. Plaza Marina Commercial Corp.,* 21 Cal.App.3d 378, 385, 98 Cal.Rptr. 414 (1971)).  "A tender must be one of full performance . . . and must be unconditional to be valid." *Arnolds Management*, 158 Cal.App.3d at 580, 205 Cal.Rptr. 15. "Nothing short of the full amount due the creditor is sufficient to constitute a valid tender, and the debtor must at his peril offer the full amount." *Rauer's Law etc. Co. v. S. Proctor Co.,* 40 Cal.App. 524, 525, 181 P. 71 (1919).

A defaulted borrower is "required to allege tender of the amount of [the lender's] secured indebtedness in order to maintain any cause of action for irregularity in the sale procedure." *Abdallah v. United Savings Bank*, 43 Cal.App.4th 1101, 1109, 51 Cal.Rptr.2d 286 (1996), *cert. denied*, 519 U.S. 1081, 117 S.Ct. 746 (1997).  "A party may not without payment of the debt, enjoin a sale by a trustee under a power conferred by a deed of trust, or have his title quieted against the purchaser at such a sale, even though the statute of limitations has run against the indebtedness." *Sipe v. McKenna*, 88 Cal.App.2d 1001, 1006, 200 P.2d 61 (1948).

In *FPCI RE-HAB 01 v. E & G Investments, Ltd.*, 207 Cal.App.3d 1018, 1021, 255 Cal.Rptr. 157 (1989), the California Court of Appeal explained:

> . . . generally "an action to set aside a trustee's sale for irregularities in sale notice or procedure should be accompanied by an offer to pay the full amount of the debt for which the property was security." . . . . This rule . . . is based upon the equitable maxim that a court of equity will not order a useless act performed. . . .

"A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust." . . . The rationale behind the rule is that if plaintiffs could not have redeemed the property had the sale procedures been proper, any irregularities in the sale did not result in damages to the plaintiffs. (Citations omitted.)

An action to set aside a foreclosure sale, unaccompanied by an offer to redeem, does not state a cause of action which a court of equity recognizes. *Karlsen v. American Sav. & Loan Assn.*, 15 Cal.App.3d 112, 117, 92 Cal.Rptr. 851 (1971). The basic rule is that an offer of performance is of no effect if the person making it is not able to perform. *Karlsen*, 15 Cal.App.3d at 118, 92 Cal.Rptr. 851 (citing Cal. Civ. Code, § 1495). Simply put, if the offeror "is without the money necessary to make the offer good and knows it" the tender is without legal force or effect. *Karlsen*, 15 Cal.App.3d at 118, 92 Cal.Rptr. 851 (citing several cases). "It would be futile to set aside a foreclosure sale on the technical ground that notice was improper, if the party making the challenge did not first make full tender and thereby establish his ability to purchase the property." *United States Cold Storage v. Great Western Savings & Loan Assn.,* 165 Cal.App.3d 1214, 1224, 212 Cal.Rptr. 232 (1985). "A cause of action 'implicitly integrated' with the irregular sale fails unless the trustor can allege and establish a valid tender." *Arnolds Management*, 158 Cal.App.3d at 579, 205 Cal.Rptr. 15.

"It is settled in California that a mortgagor cannot quiet his title against the mortgagee without paying the debt secured." *Shimpones v. Stickney*, 219 Cal. 637, 649, 28 P.2d 673 (1934); *see Mix v. Sodd,* 126 Cal.App.3d 386, 390, 178 Cal.Rptr. 736 (1981) ("a mortgagor in possession may not maintain an action to quiet title, even though the debt is unenforceable"); *Aguilar v. Bocci*, 39 Cal.App.3d 475, 477, 114 Cal.Rptr. 91 (1974) (trustor is unable to quiet title "without discharging his debt").

Moreover, to obtain "rescission or cancellation, the rule is that the complainant is required to do equity, as a condition to his obtaining relief, by restoring to the defendant everything of value which the plaintiff has received in the transaction. . . . The rule applies although the plaintiff was induced to enter into the contract by the fraudulent representations of the defendant." *Fleming v. Kagan*, 189 Cal.App.2d 791, 796, 11 Cal.Rptr. 737 (1961). "A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust." *Karlsen,* 15 Cal.App.3d at 117, 92 Cal.Rptr. 851.

4

Analyzing "trust deed nonjudicial foreclosure sales issues in the context of common law contract principles" is "unhelpful" given "the comprehensive statutory scheme regulating nonjudicial foreclosure sales." *Residential Capital v. Cal-Western Reconveyance Corp.*, 108 Cal.App.4th 807, 820, 821, 134 Cal.Rptr.2d 162 (2003).

"The rules which govern tenders are strict and are strictly applied." *Nguyen v. Calhoun*, 105 Cal.App.4th 428, 439, 129 Cal.Rptr.2d 436 (2003). "The tenderer must do and offer everything that is necessary on his part to complete the transaction, and must fairly make known his purpose without ambiguity, and the act of tender must be such that it needs only acceptance by the one to whom it is made to complete the transaction." *Gaffney v. Downey Savings & Loan Assn.,* 200 Cal.App.3d 1154, 1165, 246 Cal.Rptr. 421 (1988). The debtor bears "responsibility to make an unambiguous tender of the entire amount due or else suffer the consequence that the tender is of no effect." *Gaffney*, 200 Cal.App.3d at 1165, 246 Cal.Rptr. 421.

The record fails to reference plaintiff's legitimate or credible tender of indebtedness or meaningful ability to do so. The record's silence on plaintiff's legitimate or credible tender of or ability to tender amounts outstanding is construed as his concession of inability to make a credible tender of his indebtedness. Plaintiff's failure to cure his default resulted in rightful acceleration of his loan's outstanding balance. Without plaintiff's meaningful, credible tender, he seeks empty remedies, not capable of being granted. Granting plaintiff relief without his legitimate, credible tender would be an unjustified windfall, not an avoidance of irreparable harm to him.

### **Irreparable Injury Absent Injunctive Relief**

"Preliminary injunctive relief is available only if plaintiffs 'demonstrate that irreparable injury is *likely* in the absence of an injunction.'" *Johnson v. Couturier*, 572 F.3d 1067, 1081 (9th Cir. 2009) (quoting *Winter*, 129 S.Ct. at 375) (noting that the Supreme Court in *Winter* rejected the Ninth Circuit's "possibility of irreparable harm" test). "Typically, monetary harm does not constitute irreparable harm." *Cal Pharmacists Ass'n v. Maxwell-Jolly*, 563 F.3d 847, 851 (9th Cir. 2009). "Economic damages are not traditionally considered irreparable because the injury *can later be remedied by a damage award*." *Cal Pharmacists,* 563 F.3d at 852 (italics in original). However, "intangible injuries, such as damage to . . . goodwill qualify as irreparable harm." *Rent-A-Center, Inc. v. Canyon Television & Appliance Rental, Inc*., 944

F.2d 597, 603 (9th Cir. 1001).

Plaintiff fails to establish that he is entitled to prevent property foreclosure, especially with no record of his legitimate or credible ability to tender outstanding amounts owed. Under the circumstances, loss of the property is not irreparable injury. Further delay in foreclosure could cause irreparable harm to defendants.

### Balance Of Equities

The purpose of preliminary injunctive relief is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981).

Plaintiff fails to demonstrate that the balance of equities merits requested injunctive relief. In fact, the balance of equities weighs in defendants' favor as the record suggests that plaintiff may remain on the property improperly without payment of outstanding amounts owed.

### Public Interest

"In exercising their sound discretion, courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction." *Winter*, 129 S. Ct. at 376-77 (quoting *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312 (1982)). "The public interest analysis for the issuance of a preliminary injunction requires [the Court] to consider whether there exists some critical public interest that would be injured by the grant of preliminary relief." *Indep. Living Ctr., So. Cal. v. Maxwell-Jolly*, 572 F.3d 644, 659 (2009).

No meaningful public interest supports injunctive relief. Granting injunctive relief would be a disservice to public interest by allowing plaintiff to remain on the property after his default and without his legitimate or credible tender of outstanding amounts owed.

### CONCLUSION AND ORDER

For the reasons discussed above, this Court DENIES plaintiff's requested injunctive relief.

IT IS SO ORDERED.

Dated:   **October 8, 2013**             /s/ Lawrence J. O'Neill
                                      UNITED STATES DISTRICT JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28