# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARION VALENZUELA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WELLS FARGO BANK NATIONAL ASSOCIATION, et al.,<br><br>　　　　Defendants. | Case No.: 1:13-cv-01620 LJO JLT<br><br>ORDER TO PLAINTIFF TO SHOW CAUSE WHY SANCTIONS, UP TO AND INCLUDING DISMISSAL, SHOULD NOT BE IMPOSED FOR HIS FAILURE TO PROSECUTE THIS ACTION<br><br>ORDER TO DEFENDANT NORTHWEST TRUSTEE SERVICES, INC. TO SHOW CAUSE WHY SANCTIONS, UP TO AND INCLUDING ENTRY OF DEFAULT, SHOULD NOT BE IMPOSED FOR ITS FAILURE TO DEFEND THIS ACTION |

Plaintiff initiated this action on October 8, 2013 against Wells Fargo Bank National Association, WHHLI Transfer Interim LP Northwest Trustee Services, Inc and Does 1 through 100. (Doc. 1)  That same day, the Court issued summonses to the Defendants. (Doc. 6)  Along with his complaint, Plaintiff also filed a motion for a temporary restraining order, which was denied, and two notices of lis pendens in succession.  (Docs. 2, 4, 8, 9)

On October 8, 2013, the Court issued civil case documents and an Order Setting Mandatory Scheduling Conference. (Doc. 7)  The Court explained in the order that a scheduling conference could not be held until the defendant was served with the summons and complaint.  *Id.* at 1.  Therefore, the Court instructed: "plaintiff[] shall diligently pursue service of summons and complaint . . ." *Id.*

1 Further, Plaintiff was directed to "file proofs of service of the summons and complaint so the Court has a record of service." *Id.* at 1-2.  To date, Plaintiff has failed to file proofs of service, and has not complied with the Court's orders regarding service.

Nevertheless, on October 29, 2013, Defendant, Northwest Trustee Services, Inc., filed a motion to dismiss.  (Doc. 12)  This motion was stricken the next day based upon its failure to specify which of the "various privileges and protections under Civil Code §47, 2924(b) & (d), and 2924.12(c)" it contended applied and due to its failure to provide analysis to support its position. (Doc. 8)  The Court granted leave to Northwest to re-file a motion to dismiss which comported with the requirements of law (Id. at 2) but Northwest did not do so and likewise has not filed an answer.  No other Defendant has appeared.  Based upon this current state, the matter has stagnated.

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." LR 110.  "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action.  *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action based upon a party's failure to obey a court order, failure to prosecute an action, or failure to comply with local rules.  *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order).

Therefore, the Court **ORDERS**:

1. **Within 14 days**, Plaintiff SHALL show cause in writing why sanctions should not be imposed, up to and including dismissal, for his failure to prosecute this action, including his failing to provide proof of service of the complaint and his failure to seek default against Northwest Trustee Service, Inc.;

*///*

*///*

*///*

2

2.       **Within 14 days**, Defendant Northwest Trustee Service, Inc. SHALL show cause in writing why sanctions should not be imposed, up to and including entry of default, for its failure to file a responsive pleading.

IT IS SO ORDERED.

Dated:   **December 12, 2013**                    **/s/ Jennifer L. Thurston**
                                                                 UNITED STATES MAGISTRATE JUDGE