**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARION VALENZUELA, | ) Case No.: 1:13-cv-01620 LJO JLT |
| Plaintiff, | ) ORDER STRIKING MOTION FOR DEFAULT |
| v. | ) JUDGMENT |
| WELLS FARGO BANK NATIONAL ASSOCIATION, et al., | ) (Doc. 17) |
| | ) ORDER DISCHARGING ORDER TO SHOW |
| Defendants. | ) CAUSE |
| | ) (Doc. 14) |

Plaintiff initiated this action on October 8, 2013 against Wells Fargo Bank National Association, WHHLI Transfer Interim LP Northwest Trustee Services, Inc and Does 1 through 100. (Doc. 1) That same day, the Court issued summonses to the Defendants. (Doc. 6) Along with his complaint, Plaintiff also filed a motion for a temporary restraining order, which was denied, and two notices of lis pendens in succession. (Docs. 2, 4, 8, 9)

On October 8, 2013, the Court issued civil case documents and an Order Setting Mandatory Scheduling Conference. (Doc. 7) The Court explained in the order that a scheduling conference could not be held until the defendant was served with the summons and complaint. *Id.* at 1. Therefore, the Court instructed: "plaintiff[] shall diligently pursue service of summons and complaint . . ." *Id.* Further, Plaintiff was directed to "file proofs of service of the summons and complaint so the Court has

1

1   a record of service." Id. at 1-2.  To date, Plaintiff has failed to file proofs of service, and has not
2   complied with the Court's orders regarding service.
3         Nevertheless, on October 29, 2013, Defendant, Northwest Trustee Services, Inc., filed a motion
4   to dismiss.  (Doc. 12)  This motion was stricken the next day based upon its failure to specify which of
5   the "various privileges and protections under Civil Code §47, 2924(b) & (d), and 2924.12(c)" it
6   contended applied and due to its failure to provide analysis to support its position. (Doc. 8)  The Court
7   granted leave to Northwest to re-file a motion to dismiss which comported with the requirements of law
8   (Id. at 2) but Northwest did not do so and likewise had not filed an answer.
9         On December 12, 2013, the Court issued an order to Plaintiff and Defendant Northwest to show
10  cause why sanctions should not be imposed for Plaintiff's failure to prosecute this action and for
11  Northwest's failure to file a responsive pleading.  (Doc. 14)
12        On December 23, 2012, Northwest filed a new motion to dismiss which is set for hearing on
13  January 30, 2014.  (Doc. 18)  Also, Northwest filed a response to the Court's order to show cause and
14  explained that, though it had filed its earlier motion to dismiss before receiving a summons, once its
15  motion to strike was stricken, it decided to await service.  (Doc. 19) Then, once the summons was
16  received, Northwest signed a waiver of service and reports that its responsive pleading was not due
17  until December 31, 2013.  Id. at 2.  In taking this position, Northwest fails to explain why it believes its
18  earlier general appearance did not waive any defect in service.  Benny v. Pipes, 799 F.2d 489, 492 (9th
19  Cir. 1986) amended, 807 F.2d 1514 (9th Cir. 1987) ["An appearance ordinarily is an overt act by which
20  the party comes into court and submits to the jurisdiction of the court. This is an affirmative act
21  involving knowledge of the suit and an intention to appear."]; (Fed. R. Civ. P. 12(h))  Notably, its
22  earlier motion to dismiss failed to challenge the insufficiency of service of process, insufficient process,
23  lack of personal jurisdiction or venue.  See Doc. 12.
24        Thus, it appears that Northwest's failure to file an amended motion to dismiss or other
25  responsive pleading until the Court's order to show cause was based upon an erroneously belief
26  Northwest had not submitted itself to the jurisdiction of the Court and could await service.  Thus, the
27  order to show cause as to Defendant Northwest is **DISCHARGED**.
28

For Plaintiff's part, he offers little explanation for his actions. On December 13, 2013, he filed waivers of service executed by Defendants Wells Fargo and Northwest. Plaintiff fails to explain why he delayed for 45 days before filing the waivers of service or why he failed to take action when the Court struck Northwest's motion to dismiss. Moreover, he continues to fail to file proof of service as to Defendant WMHLI Transfer Interim LP. Plaintiff is advised that his failure to demonstrate proof of service to this Defendant within the time period set forth in Fed. R. Civ. P. 4(m) will result in an order dismissing the action as to that defendant. In any event, the Court will **DISCHARGE** the order to show cause.

As to Defendant Northwest, the Court presumes, like Northwest, Plaintiff believed that Northwest could insist on service despite its earlier appearance. However, contrary to this position, on December 23, 2013, he filed a motion for default judgment. (Doc. 17) The motion is not well-taken given Northwest has filed a new motion to dismiss and had already appeared in this action. Thus, the motion for default judgment is **STRICKEN**.

IT IS SO ORDERED.

Dated: **December 24, 2013**          **/s/ Jennifer L. Thurston**
                                       UNITED STATES MAGISTRATE JUDGE