UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO VALENZUELA, | CASE NO. CV F 12-2069 LJO JLT |
| Plaintiff, | **ORDER TO DISMISS REMAINING DEFENDANT** |
| vs. | (Docs. 35, 38.) |
| WELLS FARGO BANK, N.A., et al., | |
| Defendants. | |

## BACKGROUND

This Court's January 28, 2014 order ("January 28 order") dismissed with prejudice defendants Wells Fargo Bank, N.A. and Northwest Trustee Services, Inc. and noted plaintiff Mario Valenzuela's ("Mr. Valenzuela's") attempt to thwart, delay or complicate foreclosure of Mr. Valenzuela's Bakersfield property. The January 28 order noted irreparable deficiencies in Mr. Valenzuela's operative Verified Complaint for Declaratory Judgment, Temporary Restraining Order, Injunctive Relief, and Monetary Damages ("complaint").

The January 28 order required Mr. Valenzuela, no later than February 3, 2014, to file papers either to: (a) dismiss this action against remaining defendant WMHLI Transfer Interim LP; or (b) to show cause why this Court should not dismiss this action against any remaining defendant, including WMHLI Transfer Interim LP. The January 28 order "**ADMONISHES Mr. Valenzuela that this Court will dismiss this action against any remaining defendant, including WMHLI Transfer Interim LP, if Mr. Valenzuela fails to comply with this order and fails to file timely papers as required by this order.**" (Bold in original.)

1

In response to the January 28 order, Mr. Valenzuela's February 3, 2014 papers, threatened motions for reconsideration and disqualification and an appeal but failed to address the merits of claims against WMHLI Transfer Interim LP.

## DISCUSSION

### Failure To Comply With Orders

This Court's Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these [Local] Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to obey a court order or local rules. *See, e.g., Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for failure to comply with a court order or local rules or for lack of prosecution, a court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-1261; *Ghazali*, 46 F.3d at 53.

In this case, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket weigh in favor of dismissal as Mr. Valenzuela

evidences a lack of ability or interest to further litigate or prosecute legitimate claims, if any, he may have. The third factor -- risk of prejudice to defendant -- also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that its failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-133; *Henderson*, 779 F.2d at 1424. The May 31 order "**ADMONISHES Mr. Valenzuela that this Court will dismiss this action against any remaining defendants, including WMHLI Transfer Interim LP, if Mr. Valenzuela fails to comply with this order and fails to file timely papers as required by this order.**" (Bold in original.) Mr. Valenzuela offers nothing to support pursuit of frivolous claims against any remaining defendants, including WMHLI Transfer Interim LP. As such, Mr. Valenzuela has failed to comply with the January 28 order despite adequate warning that dismissal will result from disobedience of this Court's order.

Moreover, the January 28 order demonstrates that the complaint lacks a viable claim. This Court construes absence of a meaningful response to the January 28 order as a concession that Mr. Valenzuela lacks viable claims against any remaining defendant, including WMHLI Transfer Interim LP. As detailed in the January 28 order, the complaint's claims fail as barred legally. Mr. Valenzuela lacks viable claims to further warrant dismissal of this action in its entirety.

This Court surmises that Mr. Valenzuela pursues this action in absence of good faith and seeks to exploit the court system to thwart, delay or complicate property foreclosure. The test for maliciousness is a subjective one and requires the court to "determine the . . . good faith of the applicant." *Kinney v. Plymouth Rock Squab Co.*, 236 U.S. 43, 46 (1915); *see Wright v. Newsome*, 795 F.2d 964, 968, n. 1 (11th Cir. 1986); *cf. Glick v. Gutbrod*, 782 F.2d 754, 757 (7th Cir. 1986) (court has inherent power to dismiss case demonstrating "clear pattern of abuse of judicial process"). A lack of good faith or malice also can be inferred from a complaint

3

containing untrue material allegations of fact or false statements made with intent to deceive the court. *See Horsey v. Asher*, 741 F.2d 209, 212 (8th Cir. 1984). An attempt to thwart, delay or complicate property foreclosure provides further grounds to dismiss this action against any remaining defendant, including WMHLI Transfer Interim LP.

### **CONCLUSION AND ORDER**

For the reasons discussed above, this Court:

1. DISMISSES this action without prejudice against any remaining defendant, including WMHLI Transfer Interim LP; and

2. DIRECTS the clerk to enter judgment in favor of defendant WMHLI Transfer Interim LP and against plaintiff Mario Valenzuela and to close this action.

IT IS SO ORDERED.

Dated:   **February 4, 2014**            /s/ Lawrence J. O'Neill
                                         UNITED STATES DISTRICT JUDGE